**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **RTIC DRINKWARE, LLC,** | |
| **Plaintiff,** | |
| **v.** | **CASE NO. _____** |
| **YETI COOLERS, LLC,** | |
| **Defendant.** | |

**<u>RTIC DRINKWARE'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES, AND INJUNCTIVE RELIEF</u>**

Plaintiff RTIC Drinkware, LLC ("RTIC Drinkware"), by and through its undersigned counsel, hereby files this Complaint against Defendant YETI Coolers, LLC, and alleges as follows:

**<u>NATURE OF ACTION</u>**

1.      RTIC Drinkware files this declaratory judgment in order to resolve YETI's unfounded allegations of trade dress infringement, dilution, unfair competition, and misappropriation, which YETI recently (and incorrectly) filed in another forum.  RTIC Drinkware seeks a declaration that RTIC Drinkware does not infringe any valid, protectable trade dress in YETI's drinkware products, and that RTIC Drinkware has not committed any acts of unfair competition, dilution, or misappropriation or any acts resulting in unfair competition with respect to those products.  RTIC Drinkware also seeks both damages and injunctive relief for YETI's anti-competitive and exclusionary conduct and attempted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, as well as for YETI's tortious interference with RTIC Drinkware's existing and prospective business relationships.

**RTIC DRINKWARE'S ORIGINAL COMPLAINT**                                    **PAGE 1**

## THE PARTIES

2.      RTIC Drinkware, LLC is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business at 20702 Hempstead Road, Suite 110, Houston, TX, 77065.

3.      On information and belief, YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 2000, Austin, TX 78735.

## JURISDICTION AND VENUE

4.      RTIC Drinkware incorporates by reference paragraphs 1 through 3 above as if fully set forth herein.

5.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 21 *et seq.*; 15 U.S.C. § 1125; and 28 U.S.C §§ 1331, 1338, 1367, and 2201–2202; and the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37.001 *et seq*.

6.      This Court has personal jurisdiction over YETI because, among other things, YETI maintains its principal place of business in the State of Texas, YETI has purposefully availed itself of the privileges and benefits of the laws of the State of Texas, and YETI conducts business in this District.

7.      Venue is proper in this District pursuant to at least 28 U.S.C. §1391, because, among other things, a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## BACKGROUND

8.      RTIC Drinkware incorporates by reference paragraphs 1 through 7 above as if fully set forth herein.

A.  **The Market for Premium, Heavy-Duty Insulated Drinkware.**

9.    RTIC Drinkware, a family business located in Houston, Texas, is a manufacturer and retailer of premium, heavy duty insulated drinkware.  RTIC Drinkware currently offers four lines of drinkware, the 30 oz. RTIC Drinkware Tumbler, the 20 oz. RTIC Drinkware Tumbler, the 10 oz. Lowball, and the RTIC Drinkware Can.  RTIC Drinkware markets its drinkware through its website directly to consumers throughout the United States, including in Texas. RTIC Drinkware also sells its drinkware to convenience stores and other retailers.

10.    RTIC Drinkware's 30 oz. Tumbler is the subject of YETI's trade dress infringement, dilution, unfair competition, misappropriation, and unjust enrichment claims, and is depicted below:



11.    The market for premium, heavy duty insulated drinkware in the United States is separate and distinct from the market for ordinary insulated drinkware.  Premium products such as RTIC Drinkware's tumblers are distinguished by characteristics such as high-grade stainless

steel construction and double wall vacuum insulation, which produce a substantially more durable product that can keep ice cold (or keep hot beverages hot) for significantly longer than mass-market insulated cups and travel mugs.  In addition, the high-grade stainless steel surface allows customers to personalize the drinkware by etching monograms or logos.  The market for premium, heavy-duty insulated drinkware such as RTIC Drinkware's tumblers includes customers who are willing to pay a substantially higher price for these superior characteristics.

**B.  YETI's Litigation Against RTIC Coolers LLC.**

12.    On information and belief, YETI also sells insulated drinkware products throughout the United States, including within the state of Texas.  One of these products is YETI's 30 oz. "Rambler" tumbler.

13.    On March 2, 2016, YETI filed a lawsuit in the U.S. District Court for the Western District of Texas (Austin Division), Case No. 1:16-cv-00264, against an affiliate of RTIC Drinkware, RTIC Coolers, LLC (the "Western District Action").  In the Western District Action against RTIC Coolers, YETI has alleged that RTIC <u>Coolers'</u> 30 oz. Tumbler infringes on YETI's purported trade dress in YETI's 30 oz. tumbler under both federal and Texas law, and also that RTIC <u>Coolers</u> has purportedly engaged in trade dress dilution, unfair competition, and misappropriation, and has purportedly been unjustly enriched, with respect to the 30 oz. tumbler, which is actually sold by RTIC Drinkware.  A copy of YETI's Complaint in the Western District Action is attached hereto as Exhibit A.

14.    YETI's Western District Action is fatally defective because, among other things, YETI has failed to name the correct Defendant.  YETI brought that Action against RTIC Coolers LLC, which does not market any drinkware products and is a separate legal entity from RTIC

Drinkware LLC, the entity that markets the 30 oz. Tumbler at issue.  RTIC Coolers LLC has filed a motion to dismiss the Western District Action on that ground.

15.    YETI's filing of the Western District Action has created an actual dispute and controversy between the parties with respect to  Drinkware's 30 oz. Tumbler, and has given RTIC Drinkware a reasonable apprehension of suit with regard to the claims asserted by YETI in that Action.

**C.  <u>YETI's Campaign to Force Competitors Off the Market</u>.**

16.    The trade dress, trade dilution, unfair competition, misappropriation, and unjust enrichment claims asserted by YETI in the Western District Action are objectively baseless, such that a reasonable litigant could not realistically expect them to succeed on the merits.  YETI has asserted these claims against RTIC Coolers, based on tumblers sold by RTIC Drinkware, for the wrongful and unlawful purpose of suppressing competition and obtaining monopoly power in the U.S. market for premium, heavy-duty insulated drinkware.

17.    YETI's claims against RTIC Coolers, based on tumblers sold by RTIC Drinkware,  are part of a larger pattern of anti-competitive conduct, in which, rather than compete with RTIC Drinkware and other market players on the merits of its products, YETI has repeatedly instigated and/or threatened litigation based on similar meritless trade dress, trade dilution, unfair competition, and misappropriation claims against competing manufacturers and/or retailers of premium, heavy-duty insulated drinkware, all with the aim of driving competing products out of the marketplace and obtaining a monopoly in the premium, heavy-duty insulated drinkware market.

18.    YETI has filed numerous lawsuits asserting similar trade dress, dilution, unfair competition, and misappropriation claims against at least the following manufacturers and/or retailers of premium, heavy-duty insulated drinkware:

     a.    Ideastage Promotions, LLC d/b/a Swag Brokers (W.D. Tex. Case No. 1:15cv00774).

     b.    Great American Products, Ltd. (W.D. Tex. Case No. 1:15cv686).

     c.    Kaiser Group Inc., (W.D. Tex. Case No. 1:15cv725).

     d.    Titan Custom Products, Inc. (W.D. Tex. Case No. 1:15cv775).

     e.    The Allen Company (W.D. Tex. Case No. 1:15cv888).

     f.    AD Ideas of Wisconsin, Inc. (W.D. Tex. Case No. 1:15cv887).

     g.    Benner China and Glassware of Florida, Inc. (W.D. Tex. Case No. 1:16cv142).

     h.    US Imprints, LLC, d/b/a GOimprints (W.D. Tex. Case No. 1:15cv773).

     i.    Jennifer Leverne Bootz Evans d/b/a Bling and Burlap Buy In's and Blanks (W.D. Tex. Case No. 1:15cv995).

     j.    Blackbird Products Group (W.D. Tex. Case No. 1:15cv1105).

     k.    Sic Products d/b/a Sic Cups d/b/a Sic (W.D. Tex. Case No. 1:16cv117).

     l.    Polar Pad LLC d/b/a Polar Drifter, d/b/a Polar Pad (W.D. Tex. Case No. 1:16cv128).

     m.    Zhejiang Zhuosheng Industry & Trade Co., Ltd. (W.D. Tex. Case No. 1:16cv457).

     n.    The Boelter Companies, Inc. (W.D. Tex. Case No. 1:16cv456).

     o.    Wal-Mart Stores, Inc. (W.D. Tex. Case No. 1:16cv454).

19.     On information and belief, YETI has also abused its power in the premium heavy-duty insulated drinkware market to suppress competition by, among other means, threatening to withhold its drinkware and other products from retailers unless those retailers cease offering its competitors' products. For example, on information and belief, YETI tried to stop Academy Sports and Outdoors ("Academy") from selling Kaiser Group, Inc.'s ("Kaiser") tumbler products that compete with YETI's *tumbler* products by threatening to stop selling YETI's insulated *coolers*, a separate unrelated product, to Academy unless Academy chose to stop offering for sale Kaiser's tumbler products.  *See, e.g.,* Def. Kaiser Group Inc.'s Answer, Affirmative Defenses, and Counterclaims to Plaintiff YETI Coolers, LLC's Complaint (D.I. 14), ¶¶ 59-62 (W.D. Tex. Case No. 1:15cv725). On information and belief, Academy stopped offering for sale Kaiser's tumbler products as a result of YETI's actions. *Id.*

**C.  YETI's Anti-Competitive Interference With RTIC's Retail Business Arrangements.**

20.     RTIC Drinkware recently entered into a business relationship with a leading Texas convenience store chain to market RTIC Drinkware's 30 oz. Tumbler at numerous store locations throughout the state of Texas.  This convenience store chain is currently the largest retail outlet through which RTIC Drinkware sells its tumblers.

21.     On information and belief, until recently YETI sold its own tumblers through the same convenience store chain.

22.     On information and belief, when YETI learned that RTIC Drinkware was negotiating a purchase agreement with the convenience store chain for RTIC Drinkware's 30 oz. Tumblers, YETI informed the convenience store chain of its lawsuit against RTIC Coolers in the Western District Action.  YETI also threatened that it would withdraw its own tumbler products from the convenience store chain if the chain carried RTIC Drinkware's tumblers.

**RTIC DRINKWARE'S ORIGINAL COMPLAINT**                                    **PAGE 7**

23.     As a result of YETI's threats to the convenience store chain, and in order to compensate the chain for the potential risk of losing YETI's business, RTIC Drinkware was forced to accept a substantially lower price for its 30 oz. Tumbler than had initially been offered.

24.     On information and belief, after RTIC Drinkware finalized its purchase agreement with the convenience store chain, YETI retaliated against the chain and informed the chain that since it was selling RTIC Drinkware's product, YETI would no longer sell YETI's products to the chain.

25.     RTIC Drinkware intends to seek similar business arrangements with this convenience store chain in order to sell its other drinkware products.  RTIC Drinkware has also sought and intends to continue to seek similar business arrangements with other large retailers and store chains in order to market its 30 oz. Tumbler and other drinkware products.  However, the threat of potential litigation by YETI, as well as the threat that YETI will use its market power to punish retailers who carry RTIC Drinkware's products by refusing to sell them its own products, means that RTIC Drinkware will either be unable to enter into such arrangements with retailers at all, or will have to accept substantially lower prices in order to compensate retailers for the risks resulting from YETI's unlawful and anti-competitive conduct.

## COUNT I
(Declaratory Judgment of No Trade Dress Infringement under Lanham Act § 43(a))

26.     RTIC Drinkware realleges and incorporates by reference paragraphs 1 through 25 above as if fully set forth herein.

27.     Based on Count I of the complaint filed by YETI against RTIC Coolers in the Western District Action, based on the tumblers sold by RTIC Drinkware, an actual controversy has arisen and now exists between the parties as to infringement of YETI's purported trade dress in its 30 oz. tumbler under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28.     RTIC Drinkware has not infringed any protectable trade dress rights owned by YETI.

29.     YETI's asserted trade dress is unprotectable in that it is not distinctive, it lacks secondary meaning, is functional, is generic and/or is not likely to confuse consumers about the origin of RTIC Drinkware's accused products.

30.     Pursuant to the federal Declaratory Judgment Act, 28 U.S.C § 2201 *et seq*., RTIC Drinkware requests a declaration by the Court that YETI's asserted trade dress is unprotectable and that RTIC Drinkware has not infringed any protectable trade dress rights owned by YETI.

## COUNT II
(Declaratory Judgment of No Unfair Competition and No False Designation of Origin under Lanham Act § 43(a))

31.     RTIC Drinkware realleges and incorporates by reference paragraphs 1 through 30 above as if fully set forth herein.

32.     Based on Count II of the complaint filed by YETI against RTIC Coolers in the Western District Action, based on the tumblers sold by RTIC Drinkware, an actual controversy has arisen and now exists between the parties as to purported acts by RTIC Drinkware of unfair competition or false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.     RTIC Drinkware has not committed any acts of unfair competition or false designation of origin relating to any protectable trade dress rights owned by YETI.

34.     Pursuant to the federal Declaratory Judgment Act, 28 U.S.C § 2201 *et seq*., RTIC Drinkware requests a declaration by the Court that RTIC Drinkware has not committed any acts of unfair competition or false designation of origin relating to any protectable trade dress rights owned by YETI.

## COUNT III
(Declaratory Judgment of No Trade Dress Dilution under Lanham Act § 43(a))

35.    RTIC Drinkware realleges and incorporates by reference paragraphs 1 through 34 above as if fully set forth herein.

36.    Based on Count III of the complaint filed by YETI against RTIC Coolers in the Western District Action, based on tumblers sold by RTIC Drinkware, an actual controversy has arisen and now exists between the parties as to dilution of YETI's purported trade dress rights in its 30 oz. tumbler under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c).

37.    RTIC Drinkware has not committed any acts of trade dress dilution relating to any protectable trade dress rights owned by YETI.

38.    Pursuant to the federal Declaratory Judgment Act, 28 U.S.C § 2201 *et seq*., RTIC Drinkware requests a declaration by the Court that RTIC Drinkware has not committed any acts of trade dress dilution relating to any protectable trade dress rights owned by YETI.

## COUNT IV
(Declaratory Judgment of No Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103)

39.    RTIC Drinkware realleges and incorporates by reference paragraphs 1 through 38 above as if fully set forth herein.

40.    Based on Count IV of the complaint filed by YETI against RTIC Coolers in the Western District Action, based on tumblers sold by RTIC Drinkware, an actual controversy has arisen and now exists between the parties as to dilution of YETI's purported trade dress rights in its 30 oz. tumbler under Tex. Bus. & Com. Code § 16.103.

41.    RTIC Drinkware has not committed any acts of trade dress dilution relating to any protectable trade dress rights owned by YETI.

42.    RTIC Drinkware has not infringed any protectable trade dress rights owned by YETI.

43.    Pursuant to the federal Declaratory Judgment Act, 28 U.S.C § 2201 *et seq.*, as well as the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.001 *et seq.*, RTIC Drinkware requests a declaration by the Court that RTIC Drinkware has not committed any acts of trade dress dilution relating to any protectable trade dress rights owned by YETI.

## COUNT V
### (Declaratory Judgment of No Common Law Trade Dress Infringement)

44.    RTIC Drinkware realleges and incorporates by reference paragraphs 1 through 43 above as if fully set forth herein.

45.    Based on Count V of the complaint filed by YETI against RTIC Coolers in the Western District Action, based on tumblers sold by RTIC Drinkware, an actual controversy has arisen and now exists between the parties as to infringement of YETI's purported trade dress rights in its 30 oz. tumbler under the common law of the state of Texas.

46.    RTIC Drinkware has not infringed any protectable trade dress rights owned by YETI.

47.    YETI's asserted trade dress is unprotectable in that it is not distinctive, it lacks secondary meaning, is functional, is generic and/or is not likely to confuse consumers about the origin of RTIC Drinkware's accused products.

48.    Pursuant to the federal Declaratory Judgment Act, 28 U.S.C § 2201 *et seq.*, as well as the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.001 *et seq.*, RTIC Drinkware requests a declaration by the Court that YETI's asserted trade

dress is unprotectable and that RTIC Drinkware has not infringed any protectable trade dress rights owned by YETI.

## COUNT VI
### (Declaratory Judgment of No Common Law Unfair Competition)

49.    RTIC Drinkware realleges and incorporates by reference paragraphs 1 through 48 above as if fully set forth herein.

50.    Based on Count VI of the complaint filed by YETI against RTIC Coolers in the Western District Action, based on tumblers sold by RTIC Drinkware, an actual controversy has arisen and now exists between the parties as to purported unfair competition under the common law of the state of Texas.

51.    RTIC Drinkware has not committed any acts of unfair competition against YETI.

52.    Pursuant to the federal Declaratory Judgment Act, 28 U.S.C § 2201 *et seq*., as well as the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.001 *et seq.*, RTIC Drinkware requests a declaration by the Court that RTIC Drinkware has not committed any acts of unfair competition against YETI.

## COUNT VII
### (Declaratory Judgment of No Common Law Misappropriation)

53.    RTIC Drinkware realleges and incorporates by reference paragraphs 1 through 52 above as if fully set forth herein.

54.    Based on Count VII of the complaint filed by YETI against RTIC Coolers in the Western District Action, based on tumblers sold by RTIC Drinkware, an actual controversy has arisen and now exists between the parties as to purported misappropriation under the common law of the state of Texas.

55.    RTIC Drinkware has not committed any acts of misappropriation against YETI.

56.    Pursuant to the federal Declaratory Judgment Act, 28 U.S.C § 2201 *et seq.*, as well as the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.001 *et seq.*, RTIC Drinkware requests a declaration by the Court that RTIC Drinkware has not committed any acts of misappropriation against YETI.

## COUNT VIII
(Declaratory Judgment of No Unjust Enrichment)

57.    RTIC Drinkware realleges and incorporates by reference paragraphs 1 through 56 above as if fully set forth herein.

58.    Based on Count VIII of the complaint filed by YETI against RTIC Coolers in the Western District Action, based on tumblers sold by RTIC Drinkware, an actual controversy has arisen and now exists between the parties as to purported unjust enrichment.

59.    RTIC Drinkware has not committed any acts resulting in unjust enrichment.

60.    Pursuant to the federal Declaratory Judgment Act, 28 U.S.C § 2201 *et seq.*, as well as the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.001 *et seq.*, RTIC Drinkware requests a declaration by the Court that RTIC Drinkware has not committed any acts resulting in unjust enrichment.

## COUNT IX
(Attempted Monopolization under the Sherman Act, 15 U.S.C. § 2)

61.    RTIC Drinkware realleges and reincorporates by reference paragraphs 1 through 60 above as if fully set forth herein.

62.    The relevant product market is the market for premium heavy-duty insulated drinkware, which is distinguished from ordinary mass-market drinkware by, among other things, high-grade stainless-steel construction, superior durability, and also superior insulating qualities for both hot and cold liquids.

63.    The relevant geographic market is the United States.

64.    Rather than compete on the merits of its products, YETI has willfully and wrongfully engaged in anticompetitive and exclusionary conduct in order to obtain monopoly power in the market for premium, heavy-duty insulated drinkware in the United States. Targeting RTIC Drinkware and other competitors, YETI has acted with a specific intent to monopolize and to destroy effective competition in the premium, heavy-duty insulated drinkware market, in violation of section 2 of the Sherman Act, 15 U.S.C. § 2.

65.    YETI's anticompetitive and exclusionary conduct has had and continues to have a dangerous probability of success in attaining monopoly power over the U.S. market for premium, heavy-duty insulated drinkware.  YETI has improperly used its meritless intellectual property claims, in conjunction with its market power, to drive competing manufacturers of premium, heavy-duty insulated drinkware products out of the market and to threaten or retaliate against retailers who carry competing drinkware products.  YETI's improper and unlawful conduct creates significant barriers to entry and makes it difficult for other companies to enter or remain in the premium heavy-duty insulated drinkware market and compete with YETI.  If YETI succeeds in driving competitors out of the market for premium heavy-duty insulated drinkware, YETI will be able to impose and profit from higher prices for its own drinkware products.

66.    YETI's anti-competitive and exclusionary conduct constitutes an improper attempt to create and expand monopoly power in the relevant market, as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident.

67.    YETI's anti-competitive and exclusionary conduct has directly and proximately caused injury to RTIC Drinkware's business and property, both by its assertion of meritless legal

claims intended to exclude RTIC Drinkware's tumblers from the market, and by its wrongful threats and retaliation against RTIC Drinkware's largest retailer.   As a result of YETI's anticompetitive and exclusionary conduct, RTIC Drinkware has suffered and will suffer lost sales and lost profits due to retailers either refusing to carry its products or agreeing to do so only on less favorable terms than RTIC Drinkware could otherwise have negotiated.  In addition, RTIC Drinkware has incurred and will incur legal expenses in defending against YETI's meritless litigation.

68.    The foregoing acts and practices have harmed not only RTIC Drinkware, but also consumers and competition in the marketplace.  These injuries, in the form of higher prices and less consumer choice, are of the type the antitrust laws are intended to prevent, and thus constitute antitrust injuries.

69.    As a direct and proximate result of YETI's unlawful and anticompetitive conduct, RTIC Drinkware has suffered damages in an amount to be proven at trial.  Unless the activities complained of are enjoined, RTIC Drinkware will also continue to suffer injury for which RTIC Drinkware has no adequate remedy at law.

## COUNT X
### (Tortious Interference with Contract)

70.    RTIC Drinkware realleges and reincorporates by reference paragraphs 1 through 69 above as if fully set forth herein.

71.    RTIC Drinkware has a contract with at least one major retailer, a leading Texas convenience store chain, for the sale of RTIC Drinkware's 30 oz. tumblers.

72.    YETI had actual knowledge of RTIC Drinkware's contract with the convenience store chain.

73.     YETI has interfered with RTIC Drinkware's contract with the convenience store chain, first by threatening to withdraw its own products from the chain, and then by carrying out that threat, in an attempt to force the convenience store chain to breach its contract with RTIC Drinkware.

74.     YETI has also interfered with RTIC Drinkware's contract with the convenience store chain by asserting and seeking injunctive relief on baseless claims of trade dress infringement, dilution, unfair competition, and misappropriation in the Western District Action which, if successful, would prevent RTIC Drinkware from performing its contractual obligation to sell its 30 oz. Tumbler to the convenience store chain.

75.     YETI lacked any privilege or business justification for its wrongful and unlawful interference with RTIC Drinkware's contract, and YETI acted with the deliberate intent of harming RTIC Drinkware.

76.     As a direct and proximate result of YETI's wrongful, unlawful, and intentional interference with RTIC Drinkware's contract, RTIC Drinkware has suffered and will continue to suffer injury insofar as it was forced to accept significantly less favorable price terms in order to compensate the convenience store chain for the potential loss of YETI's business, and insofar as YETI's meritless litigation interferes with RTIC Drinkware's ability to supply its tumblers to the store chain.

77.     As a direct and proximate result of YETI's wrongful and unlawful conduct, RTIC Drinkware has suffered damages in an amount to be proven at trial.  Unless the activities complained of are enjoined, RTIC Drinkware will also continue to suffer injury for which RTIC Drinkware has no adequate remedy at law.

78.     YETI's conduct in interfering with RTIC Drinkware's contract was willful and malicious, and in conscious disregard for the rights of RTIC Drinkware.  Consequently, RTIC Drinkware seeks and is entitled to recover an award of exemplary damages.

### COUNT XI
(Tortious Interference with Prospective Business Relations)

79.     RTIC Drinkware realleges and reincorporates by reference paragraphs 1 through 78 above as if fully set forth herein.

80.     There is a reasonable probability that RTIC Drinkware will enter into a business arrangement to sell its 20 oz. Tumbler and/or its other drinkware products to the same leading Texas convenience store chain with which RTIC Drinkware currently contracts to sell its 30 oz. Tumbler.

81.     In addition, there is a reasonable probability that RTIC Drinkware will enter into similar business arrangements with other major retailers to sell its drinkware products, including the 30 oz. Tumbler.

82.     On information and belief, YETI has actual knowledge of RTIC Drinkware's prospective business relationships with the convenience store chain and with other major retailers.

83.     YETI has willfully and intentionally interfered with RTIC Drinkware's prospective business relationship with these retailers by, among other things, threatening and/or litigating baseless claims of trade dress infringement, dilution, unfair competition, misappropriation, and unjust enrichment, as well as using its market power to threaten and/or retaliate against retailers who carry RTIC Drinkware's drinkware products by refusing to sell its own products to those retailers.

84.     YETI acted with a conscious desire to interfere with RTIC Drinkware's prospective business relationships with the Texas convenience store chain as well as with other major retailers.  Absent YETI's interference, the convenience store chain would have agreed to pay RTIC Drinkware a substantially higher price for its 30 oz. Tumbler, and would be likely to offer more favorable price terms on future contracts for other RTIC Drinkware drinkware products.

85.     YETI's conduct in interfering with RTIC's Drinkware's prospective business relations was independently tortious and unlawful.  Specifically, YETI's anticompetitive and exclusionary conduct violated Section 2 of the Sherman Act as set forth above.

86.     YETI lacked any privilege or business justification for its wrongful and unlawful interference with RTIC Drinkware's prospective business relations, and YETI acted with the deliberate intent of harming RTIC Drinkware.

87.     As a direct and proximate result of YETI's wrongful, unlawful, and intentional interference with RTIC Drinkware's prospective business relations, RTIC Drinkware has suffered and will continue to suffer injury in the form of lost sales and lost profits, insofar as RTIC Drinkware was forced to accept a substantially lower price from one major retailer in order to compensate it for the potential risk of losing business with YETI, and other major retailers are likely to demand similar concessions from RTIC Drinkware or refuse to carry RTIC Drinkware's products at all.

88.     As a direct and proximate result of YETI's wrongful and unlawful conduct, RTIC Drinkware has suffered damages in an amount to be proven at trial.  Unless the activities complained of are enjoined, RTIC Drinkware will also continue to suffer injury for which RTIC Drinkware has no adequate remedy at law.

89. YETI's conduct in interfering with RTIC Drinkware's prospective business relations was willful and malicious, and in conscious disregard for the rights of RTIC Drinkware. Consequently, RTIC Drinkware seeks and is entitled to recover an award of exemplary damages.

## PRAYER FOR RELIEF

**WHEREFORE**, RTIC Drinkware, LLC asks this Court to enter judgment against YETI Coolers, LLC, granting the following relief:

A. A declaratory judgment that YETI's asserted trade dress in its tumblers is unprotectable, and that RTIC Drinkware does not infringe any valid, enforceable trade dress of YETI's tumblers under the Lanham Act.

B. A declaratory judgment that RTIC Drinkware did not commit any acts of unfair competition or false designation of origin under the Lanham Act.

C. A declaratory judgment that RTIC Drinkware did not commit any acts of trade dress dilution under the Lanham Act.

D. A declaratory judgment that RTIC Drinkware did not commit any acts of trade dress dilution under Tex. Bus. & Com. Code § 16.103.

E. A declaratory judgment that YETI's asserted trade dress in its tumblers is unprotectable, and that RTIC Drinkware does not infringe any valid, enforceable trade dress of YETI's tumblers under the common law of the state of Texas.

F. A declaratory judgment that RTIC Drinkware did not commit any acts of unfair competition under the common law of the state of Texas.

G. A declaratory judgment that RTIC Drinkware did not commit any acts of misappropriation under the common law of the state of Texas.

H.      A declaratory judgment that RTIC Drinkware did not commit any acts resulting in unjust enrichment under the common law of the state of Texas.

I.      A judgment that YETI has violated Section 2 of the Sherman Act, 15 U.S.C. § 2, and an award of triple the amount of actual damages proven at trial, as well as RTIC Drinkware's costs and attorney's fees, pursuant to 15 U.S.C. § 15(a).

J.      A judgment that YETI has willfully, intentionally, and maliciously tortiously interfered with RTIC Drinkware's existing contracts and prospective business relations, and an award of compensatory damages proven at trial, as well as exemplary damages in the amount to be determined at trial.

K.      A permanent injunction forbidding YETI from continuing to engage in the anticompetitive and unlawful conduct complained of herein, including specifically (1) prohibiting YETI from asserting baseless trade dress, dilution, misappropriation, or unfair competition claims against RTIC Drinkware or any other party with regard to RTIC Drinkware's manufacture and sale of premium, heavy-duty insulated drinkware, and (2) prohibiting YETI from any further attempt to threaten, pressure, or coerce retailers not to carry RTIC Drinkware's drinkware products, or otherwise interfere with RTIC Drinkware's existing contracts or prospective business relationships with drinkware retailers.

L.      Such other permanent injunctive relief, as the Court deems appropriate, designed to create market conditions capable of preventing YETI from unlawfully obtaining monopoly power in the premium, heavy-duty insulated drinkware market.

M.      That RTIC Drinkware be awarded its costs of court.

N.      A declaration that this case is exceptional and an award to RTIC Drinkware of its costs and attorneys' fees incurred in connection with this action.

O.    An award to RTIC Drinkware of all such other and further relief as this Court or a jury may deem proper and just.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, RTIC Drinkware demands a trial by jury on all issues triable of right by a jury.

Dated:  May 2, 2016                    Respectfully Submitted,

                                       FISH & RICHARDSON P.C.

                                       By:  _/s/ Bailey K. Harris_
                                            **Neil J. McNabnay**
                                            Texas Bar No. 24002583
                                            mcnabnay@fr.com
                                            **P. Weston Musselman, Jr.**
                                            Texas Bar No. 14749600
                                            musselman@fr.com
                                            **Thomas M. Melsheimer**
                                            Texas Bar No. 13922550
                                            melsheimer@fr.com
                                            **Ricardo J. Bonilla**
                                            Texas Bar No. 24082704
                                            rbonilla@fr.com
                                            1717 Main Street, Suite 5000
                                            Dallas, TX  75201
                                            (214) 747-5070 - Telephone
                                            (214) 747-2091 - Facsimile

                                            **William T. "Tommy" Jacks**
                                            Texas Bar No. 10452000
                                            jacks@fr.com
                                            111 Congress Avenue, Suite 810
                                            Austin, TX 78701
                                            (512) 472-5070 - Telephone
                                            (512) 320-8935 - Facsimile

**Bailey K. Harris**
Texas Bar No. 24083139
bharris@fr.com
1221 McKinney St., Suite 2800
Houston, TX 77010
 (713) 654-5300 - Telephone
(713) 652-0109 – Facsimile

**Counsel for Defendant**
**RTIC DRINKWARE, LLC**