IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RTIC DRINKWARE, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:16-CV-907-RP |
| YETI COOLERS, LLC | § § | |
| Defendants. | § § | |

## ORDER

Before the Court in the above-styled cause is Defendant YETI Coolers, LLC's Motion to Dismiss with Prejudice RTIC'S Antitrust and Tortious Interference Claims and Opposition to RTIC's "Notice of Dismissal." (Dkt. 38). The Motion followed Defendant RTIC Drinkware, LLC's Notice of Dismissal Without Prejudice, which RTIC filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Dkt. 37). By way of its Notice, RTIC purported to dismiss without prejudice its antitrust and tortious interference claims against YETI. (*See id.*). YETI argued in its subsequent Motion (i) that Rule 41 does not allow RTIC's dismissal; (ii) that RTIC's antitrust and tortious interference claims must be dismissed with prejudice because they are compulsory counterclaims in YETI's first-filed lawsuit (1:16-cv-264); and (iii) that the Court could alternatively rule on YETI's pending motion to dismiss for failure to state a claim. (Dkt. 38; *see also* Dkt. 34). In response, RTIC conceded that Rule 41 dismissal is improper and requested that the Court construe its Notice of Dismissal as a motion to amend its pleadings under Rule 15(a). (RTIC's Response, Dkt. 41, at 2).

Rule 15 allows parties to seek leave of the court to amend their pleadings after the time period for amendment as a matter of course has passed. Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave lies within the discretion of the court, but there is a bias in favor of granting leave. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). As the Fifth Circuit has cautioned, "'discretion' may be a misleading term, for [R]ule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Thus, absent a substantial reason, the court does not have discretion to deny leave. *Id.* Reasons that may justify denial include undue delay, the bad faith or dilatory motive of the movant, repeated failure to cure deficiencies by amendment, and undue prejudice to the opposing party. *Id.* at 598. Even when such a reason is found, the court "may weigh in the movant's favor any prejudice that will arise from denial of leave to amend," and can also consider whether denial serves the interest of judicial economy. *Id.*

The Court finds no substantial reason to deny RTIC's request to amend its pleadings to drop the antitrust and tortious interference claims. There is no allegation of undue delay, and RTIC has not previously amended its Complaint. Even if RTIC is engaged in gamesmanship, as YETI argues, there is little indication that RTIC does so in bad faith or with a dilatory motive.

With respect to undue prejudice, YETI cites a number of out-of-circuit opinions holding that courts should not allow dismissal without prejudice under Rule 41 when the law "clearly dictates a result for the [non-movant]." (YETI's Mot. to Dismiss, Dkt. 38, at 13) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 719 (6th Cir. 1994)). YETI suggests that dismissal of RTIC's claims by amendment rather than by a ruling on its pending 12(b)(6) motion would deprive it of some victory to which it is otherwise entitled. (*See id.*). However, YETI's prior motion did not seek dismissal with prejudice. (*See* Dkt. 34). Thus, the status of the claims would be largely the same regardless of

2

whether the Court grants YETI's motion or allows RTIC's amendment. Further, judicial economy is not served by issuing a merits-based order to accomplish the result RTIC seeks to bring about on its own. *See Dussouy*, 660 F.2d at 598. To the extent YETI's arguments against Rule 41 dismissal are relevant to this Rule 15 analysis, the Court finds that they do not establish undue prejudice.

YETI's final argument—that the claims must be dismissed with prejudice because they are compulsory counterclaims to YETI's first-filed action—does not warrant a different result. The policy underlying the liberal application of Rule 15 is "to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Id.* To deny leave to amend because RTIC may have erred in pleading in a related action would seem to directly undermine this policy. Further, expending judicial resources to determine whether RTIC is procedurally barred from asserting its antitrust and tortious interference claims is more appropriately done when RTIC is attempting to assert, rather than dismiss, those claims. *See id.*

For these reasons, the Court hereby construes RTIC's Notice of Voluntary Dismissal as a motion for leave to amend its pleadings pursuant to Rule 15 and **GRANTS** RTIC leave to amend. Additionally, the Court **DENIES** Plaintiff's Motion to Dismiss with Prejudice. (Dkt. 38).

**SIGNED** on October 13, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE